John SHEAHAN, Plaintiff,

v.

Thomas P. LEAHY, Jr., Spencer Royer, John A. Wolff, Wayne Zubiena, Fred S. James & Co. of Missouri, a corporation, and Galbraith & Green, Inc., a corporation, Defendants.

No. 84–1833C(B).

United States District Court, E.D. Missouri, E.D.

Aug. 23, 1984.

Harry J. Nichols, St. Louis, Mo., for plaintiff.

Donald W. Bird, St. Louis, Mo., for defendants.

## MEMORANDUM

REGAN, District Judge.

This matter is before the Court on motion of defendants to dismiss both counts of the complaint for failure to state a claim. This cause was removed from the state court.

Plaintiff is a member of Asbestos Workers Union, Local #1. The Union provides its eligible members (including plaintiff) a self-insured Employees Health Care Plan. Since January 1, 1982, the Plan has provided medical health care benefits paid from a Trust established by the Union and funded by contributions from its members and from participating employers under the terms of a collective bargaining agreement. The individual defendants are alleged to be members of the Board of Trustees of the Trust. The corporate defendants are the administrators of the Plan.

In Count I of the complaint, plaintiff alleges that he has manifested medically-diagnosed pre-cancerous physical conditions or symptoms which are not disabling, and that although his condition does not require medical treatment, it does require diagnostic supervision by a doctor for purposes of monitoring the condition. He specifically alleges that he is ineligible for any benefits under the Missouri Workers' Compensation Act or under any occupational disease law or law of a similar character.

Alleging that although he has submitted to the Plan administrators itemized medical bills for reasonable and necessary medical diagnostic and related services in the sum of $2,885.95, which are properly payable by the Trust under the express terms of the Plan, defendants have failed and refused to pay such medical bills. Judgment is prayed against the individual defendants

**630**

for $2,885.95, plus additional medical expenses incurred to date of trial.

Count II, after incorporating by reference the foregoing allegations, seeks $100,000 in punitive damages from the administrators of the Plan, alleging that they acted wilfully, wantonly and maliciously in failing to process payment of plaintiff's medical expenses, such failure causing plaintiff to suffer severe emotional distress and anxiety, a result the administrator knew or should have known would occur.

Although plaintiff does not in terms designate it as such, the facts alleged clearly demonstrate that the Fund is an employee welfare benefit plan to which ERISA applies. As defendants point out, plaintiff's Count I claim is basically for payments of benefits allegedly due him by the Fund under the Plan. However, plaintiff has not sued the Plan. ERISA specifically provides that an employee benefit plan may be sued as an entity, in which case service of summons may be had upon a trustee or administrator of the plan *in his capacity as such.* 29 U.S.C. Section 1132(d).

■ In the instant case, no facts are alleged which could create liability upon defendants who are sued and were served as *individuals.* They are not personally liable for amounts due from the Fund. It follows that plaintiff has failed to state a claim against the individual defendants, and the motion to dismiss Count I is hereby SUSTAINED.

■ Count II seeks punitive (but no actual) damages against the administrators of the Plan based upon their refusal to process plaintiff's claim for benefits. ERISA precludes the recovery of such damages under the facts alleged. Hence, plaintiff has failed to state a claim against the administrators of the Plan, and the motion to dismiss Count II is hereby SUSTAINED.

In their Memorandum in support of their motion to dismiss, defendants assert that the medical expenses claimed by plaintiff relate to a medical diagnosis of asbestosis, which they contend is an occupational disease within the meaning of the Missouri

Workers' Compensation Law, Section 287.067 R.S.Mo. and compensable thereunder. It is their position that inasmuch as such benefits are excludable under the Plan, they cannot process his claim and pay benefits from the Fund unless and until plaintiff files a compensation claim and obtains an administrative denial thereof. However, plaintiff has specifically alleged that his condition is not disabling, that he remains regularly employed, and that he is ineligible for any benefits under the Missouri Workers' Compensation Act.

For purposes of the motion to dismiss we have accepted plaintiff's allegations as true. The factual contentions of defendants are not before us and have not been considered. Hence, nothing herein is intended to rule the merits of plaintiff's claim as against the Plan should he assert one.